GARY M. RESTAINO
United States Attorney
District of Arizona
SARAH B. HOUSTON
State Bar No. 026691
PETE ANDREW SABORI
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: sarah.houston@usdoj.gov,
pete.sabori@usdoj.gov
Attorneys for Plaintiff

FILED

2025 JAN 29  PM 2: 06

CLERK US DISTRICT COUR
DISTRICT OF ARIZONA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | **CR25-00614 TUC-RM(EJM)** |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| vs. | VIOLATION: |
| 1.  Xavier Gustav Leon Guerrero Reyes, | |
| 2.  Adan Rene Garcia, | 18 U.S.C. §§ 1951(a) and (b)(1) (Conspiracy to Interfere with Commerce by Robbery) |
| 3.  Abel Lopez Trujillo, | **Count 1** |
| 4.  Lulene Baza Segovia, | **(UNDER SEAL)** |
| Defendants. | |

**THE GRAND JURY CHARGES:**

## COUNT 1

Beginning at a date unknown and continuing through on or about April 30, 2024, in the District of Arizona, defendants XAVIER GUSTAV LEON GUERRERO REYES, ADAN RENE GARCIA, ABEL LOPEZ TRUJILLO, and LULENE BAZA SEGOVIA, and others known and unknown to the Grand Jury, did knowingly, and intentionally combine, conspire, confederate, and agree among themselves and with others known and unknown to the Grand Jury, to commit a certain offense against the United States, to-wit:

Hobbs Act Robbery in violation of Title 18, United States Code, Sections 1951(a) and (b)(1). Further, the conspiracy would have, in any way or degree, obstructed, delayed, and affected, commerce, as contemplated by 18 U.S.C. § 1951.

## I.    INTRODUCTION

At all relevant times:

1. GardaWorld Security ("Garda Security") was an international corporation headquartered in Montreal, Quebec, with U.S.A. locations in Phoenix, Tempe, and Tucson, all cities in the District of Arizona.

2. Garda Security provided asset protection to various Federal Deposit Insurance Corporation insured banks. Garda Security transported United States Currency to Banks and ATMs and conducted business in interstate commerce.

3. Bank of America was a Federal Deposit Insurance Corporation insured bank, with a branch and ATM located at 8150 S. Houghton Road, Tucson, Arizona ("target Bank").

## II.    CONSPIRACY

4. The objective of the conspiracy was to unlawfully take and obtain personal property, consisting of United States currency, from the persons and in the presence of Garda Security employees, in their capacities as employees of Garda Security, against their will by means of actual and threatened force, violence, and fear of immediate injury to their persons, that is, by using a stun gun, taser, and/or zip ties.

## III.    MANNER AND MEANS

In furtherance of the conspiracy REYES, GARCIA, TRUJILLO, and SEGOVIA, employed the following manner and means, among others:

5. As part of the conspiracy the defendants discussed and planned with each other, and with others known and unknown to the Grand Jury, the robbery of a Garda Security armored vehicle as it serviced the target Bank ATM.

*United States of America v. Xavier Gustav Leon Guerrero Reyes, et. al.*
*Indictment Page 2 of 8*

6. REYES, GARCIA, and TRUJILLO worked together, and with others known and unknown to the Grand Jury, to plan the robbery and surveil the target Bank.

7. REYES, GARCIA, and TRUJILLO worked together, and with others known and unknown to the Grand Jury to obtain a vehicle to use for the robbery, specifically to drive to the target Bank and to flee the scene following the robbery.

8. REYES, a former Garda Employee, used knowledge he acquired during his tenure, including company service routes and security measures, to plan the robbery.

9. Initially, REYES, GARCIA, and TRUJILLO, agreed among themselves and with others known and unknown to the Grand Jury, to conduct the robbery in early 2024.

10. In the spring of 2024, REYES recruited a Garda Security employee ("Employee 1") to provide inside information. In a recorded conversation REYES detailed the robbery plan including Employee 1's role in the robbery.

11. REYES informed GARCIA of Employee 1's participation in the conspiracy.

12. REYES and GARCIA planned to commit the robbery on April 23, 2024. For reasons unknown, the robbery was rescheduled.

13. REYES and GARCIA discussed and agreed to commit the robbery on April 30, 2024, when Garda Security serviced the target Bank ATM. REYES informed Employee 1 that the robbery would occur on April 30, 2024.

14. On April 30, 2024, SEGOVIA participated in the conspiracy. SEGOVIA lent REYES her vehicle to use as transportation to the target Bank. SEGOVIA also exchanged cell phones with REYES and used REYES's phone to facilitate communications between REYES and GARCIA between 5:30 A.M. and 6:31 A.M, in support of the conspiracy's objective.

15. On April 30, 2024, between 5:30 A.M. and 6:31 A.M., REYES and GARCIA drove separately to the target Bank with the specific intent to facilitate with others known and unknown to the Grand Jury to commit the robbery.

## IV.    OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy REYES, GARCIA, TRUJILLO, and SEGOVIA committed or caused to be committed the following overt acts, among others:

16. Between November 2023 and December 2023, REYES approached TRUJILLO about participating in a robbery of an armored truck.

17. At an unknown date, GARCIA agreed to participate in a robbery of an armored truck.

18. On or about January 25, 2024, to on or about February 13, 2024, REYES and TRUJILLO further discussed via text messages the conspiracy to commit a robbery.

19. Between December 23, 2023, and April 24, 2024, REYES and GARCIA discussed via text messages a plan to rob a Garda Security armored vehicle as it serviced the target Bank ATM.

20. In January 2024 REYES and TRUJILLO discussed via text messages the use of a vehicle to commit the robbery. A sedan was acquired and stored near REYES' residence on Pantano Bluff Drive. On January 29, 2024, REYES gave TRUJILLO $75 to buy a wheel and tire for the sedan.

21. On January 29, 2024, TRUJILLO confirmed via text message that he purchased a wheel and tire for the sedan. In February 2024, TRUJILLO unsuccessfully attempted to install the wheel and tire on the sedan in preparation for the robbery. On an unknown date, the sedan was discarded as a vehicle option.

22. On February 9, 2024, REYES and TRUJILLO discussed via text messages additional means of transportation to commit the robbery. This option was considered unsuitable and abandoned.

23. On unknown dates, TRUJILLO borrowed a Chevrolet Avalanche from a third-party. REYES, GARCIA, and TRUJILLO planned to use this vehicle during the robbery.

/ / /

/ / /

*United States of America v. Xavier Gustav Leon Guerrero Reyes, et. al.*
*Indictment Page 4 of 8*

24. On an unknown date, TRUJILLO met with REYES at REYES' residence where REYES demonstrated how to use firearms in preparation for the robbery. At REYES' residence TRUJILLO observed a taser and zip ties, to be used for the robbery.

25. On an unknown date, REYES requested TRUJILLO conduct surveillance of the target Bank.

26. On or about April 4, 2024, REYES contacted Employee 1, a Garda Security employee, about a plan to rob a Garda Security armored truck.

27. On or about April 5, 2024, REYES and GARCIA exchange text messages about Employee 1 participating in the robbery as an inside contact.

28. In a recorded conversation on April 10, 2024, REYES detailed the robbery plan. REYES asked Employee 1 to be his inside contact during the robbery. REYES explained that when Employee 1 opens the truck door to retrieve currency for the ATM, an unknown co-conspirator will subdue Employee 1 using a stun gun device or some other undetermined method. REYES explained that Employee 1 and the driver of the truck will be restrained with zip ties, and their weapons will be taken. REYES explained that the co-conspirators will unload United States Currency from the truck into a stolen vehicle.

29. On or about April 12, 2024, Employee 1 tells REYES that he will participate in the robbery. Afterward, REYES calls GARCIA, this call lasts approximately 3 minutes and 8 seconds.

30. On an unknown date, REYES directed Employee 1 to obtain and use a p- phone for the robbery. On April 17, 2024, Employee 1 sent REYES a text message using the burner phone. On the same date, REYES acknowledged receipt of the text message from Employee 1.

31. On April 20, 2024, Employee 1 sent REYES a text message and asks when he should report the robbery. REYES responded: "Try and free yourself then that's the time."

On the same date, Employee 1 sent REYES a text message and asks if there is anything he should avoid telling dispatch. REYES responded: "You really didn't see anything because you were hit from behind then tied and googled [sic]."

32. On or about April 21, 2024, REYES called Employee 1 to confirm the robbery will occur on April 30, 2024, during the 6:00 A.M. servicing of the target Bank.

33. On or about April 29, 2024, the night before the planned robbery, at approximately 5:00 P.M., REYES' phone is located in the vicinity of the target Bank.

34. On or about April 30, 2024:

    a. At approximately 4:48 AM, REYES texts GARCIA: "Hola. You carrying your phone? Comms don't reach."

    b. At approximately 4:59 A.M. REYES texts SEGOVIA: "Enroute." At 5:00 A.M. SEGOVIA texts REYES an okay emoji.

    c. REYES arrives at work at approximately 5:15 A.M. SEGOVIA gives REYES her vehicle, cell phone, and debit card. REYES leaves his cellphone in the office where SEGOVIA has access to it.

    d. REYES leaves work in SEGOVIA's vehicle.

    e. The armored truck departs a Garda Security branch at approximately 5:29 A.M.

    f. At 5:24:54 A.M. REYES calls GARCIA, this call lasts approximately 6 minutes and 9 seconds.

    g. At approximately 5:36 A.M. REYES, using SEGOVIA's phone, makes a call to GARCIA's phone for an unknown duration. At approximately 5:39:14 A.M. REYES, using SEGOVIA's phone, makes a call to SEGOVIA who is using REYES' phone, this is a missed call. At approximately 5:52 A.M. REYES, using SEGOVIA's phone, makes a 52-second call to GARCIA.

    h. Between 5:44 A.M. and 6:27 A.M., GARCIA's phone travels from GARCIA's residence near Speedway and Camino Seco towards the target Bank.

*United States of America v. Xavier Gustav Leon Guerrero Reyes, et. al.*
*Indictment Page 6 of 8*

At 5:53 A.M., GARCIA is near Houghton and Broadway. At 5:54 A.M., GARCIA is traveling south on Houghton between 22nd and Golf Links. At 5:55 A.M., GARCIA is near Houghton and 29th Street.

i. At approximately 5:54 A.M. GARCIA calls REYES' phone for a 1-second call. At approximately 5:55:02 A.M. GARCIA calls SEGOVIA's phone which REYES is using. The call lasts for an unknown duration. At 5:55:24 A.M. GARCIA calls an unknown number for a call which lasts 10 seconds.

j. At 6:00 A.M. the Garda Security armored truck arrives at the target Bank.

k. At 6:00:08 A.M. REYES, using SEGOVIA's phone, calls SEGOVIA who is using REYES' phone, this call lasts 45 seconds.

l. At 6:02:08 A.M., Employee 1 texts REYES' phone: "They put my combos on the wrong key."

m. At 6:02:40 A.M. SEGOVIA, using REYES' phone, calls REYES who is using SEGOVIA'S phone, this call lasts 39 seconds.

n. At 6:04:14 A.M., Employee 1 texts REYES' phone: "We have to go back to the branch."

o. At 6:04 AM GARCIA receives a call from REYES, using SEGOVIA's phone.

p. At 6:18:34 A.M. SEGOVIA, using REYES' phone, calls REYES who is using SEGOVIA'S phone, this is a missed call.

q. At 6:19:16 A.M. REYES, using SEGOVIA'S phone, calls SEGOVIA who is using REYES' phone, this call lasts 24 seconds.

r. At 6:21:09 A.M. SEGOVIA, using REYES' phone, texts REYES who is using SEGOVIA'S phone, stating that a coworker is now at work.

s. At 6:23:26 A.M. SEGOVIA, using REYES' phone, calls REYES who is using SEGOVIA'S phone, this call lasts 1 minute and 14 seconds.

*United States of America v. Xavier Gustav Leon Guerrero Reyes, et. al.*
*Indictment Page 7 of 8*

35. On or about April 30, 2024, between 6:01 A.M. and 6:18 A.M., SEGOVIA's phone—in REYES' possession—was in the vicinity of the target Bank. On the same date, between approximately 6:27 A.M and 6:31 A.M., GARCIA's phone was in the vicinity of the target Bank.

36. On the morning of April 30, 2024, REYES used SEGOVIA's debit card to make a $20 purchase at a gas station north of the bank on Houghton Road.

37. On or about April 30, 2024, REYES returned to work entering through the security gate at approximately 7:00 A.M. On the same date, GARCIA's phone was located in the vicinity of his residence at approximately 7:02 A.M.

38. For unknown reasons the robbery did not occur on April 30, 2024.

All pursuant to Title 18, United States Code, Sections 1951(a) and (b)(1).

A TRUE BILL  /

**/ s /**

FOREPERSON OF THE GRAND JURY
Dated: January 29, 2025

GARY M. RESTAINO
United States Attorney
District of Arizona

**/ s /**

SARAH B. HOUSTON
PETE ANDREW SABORI
Assistant U.S. Attorneys

*United States of America v. Xavier Gustav Leon Guerrero Reyes, et. al.*
*Indictment Page 8 of 8*